# DOBBINS *v.* THOMAS.

---

EXCHANGE; EVIDENCE; VALUE; DECLARATIONS; HUSBAND AND WIFE; WITNESSES.

1. In an action to recover the balance due upon an exchange of household effects, it is not error to permit the plaintiff to testify to the value of the articles enumerated by him as having been exchanged.

2. Where the defense to an action to recover the balance due upon an exchange of household effects is that the contract was with defendant's husband, and not with defendant, it is not error to admit a declaration by the defendant to the plaintiff's wife, to the effect that defendant was ashamed to meet her because she had not paid for the things; nor is it error to permit the defendant's husband to be asked on cross-examination whether his wife was not a woman of considerable means at the time of the transaction, and other questions tending to show she had inherited a considerable estate from her father; and it is not error to refuse to permit a witness for defendant to show that he sent defendant's husband, and not to defendant, a statement of the amount and value of some of the articles alleged to have been exchanged, in the absence of testimony to show that the plaintiff directed witness to send the statement to the husband, and not to the wife.

3. It is not error to permit the plaintiff in an action to recover the balance due on an exchange of household effects, where the defense is that the transaction was with defendant's husband, and not with defendant, to explain the circumstances under which he wrote a letter to the husband demanding payment.

4. In an action against a married woman on a contract which could be made by and enforced against her, in which there is evidence tending to show that she made the contract, a motion to direct a verdict for the defendant is properly denied.

No. 1744.   Submitted February 4, 1908.   Decided March 3, 1908.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia on a verdict in an action of assumpsit.                                   *Affirmed.*

The facts are stated in the opinion.

*Mr. Leo Simmons* for the appellant.

*Mr. R. G. Donaldson* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This action was brought by Frank H. Thomas, now deceased, against Mary A. Dobbins, a married woman, to recover the sum of $296.83 on account of certain items of personal property sold by him to her. The plaintiff's claim was supported by affidavit, and in a former trial judgment was rendered thereon for the plaintiff, on the ground that the countervailing affidavit was insufficient in law to show a defense. That judgment was reversed on a former appeal. *Dobbins* v. *Thomas,* 26 App. D. C. 157. A contention of the appellant, that she could not be held liable for the purchase of the articles because she was a married woman, was then decided adversely.

The result of the new trial that followed was a judgment for the plaintiff for the whole amount of the claim; and from that this appeal has been prosecuted. Frank H. Thomas having

died testate, during the pendency of the case in this court, his executrix, Alice E. Thomas, has been made a party in his stead.

The record shows that the demand of plaintiff had the following origin: Plaintiff on July 28, 1903, was the owner of a house and lot in Cleveland park, and defendant owned a house and lot in 13th street. After some negotiations between them, an exchange of the properties was agreed upon and carried into effect by the passage of deeds and delivery of possession. The plaintiff's evidence tended to show that after the agreement to exchange houses had been concluded he agreed with defendant to exchange with her certain furnishings in the respective houses. It is undisputed that these articles were left in the houses and passed into the possession of the occupants, with the same. Plaintiff has credited on his bill of particulars the value of the articles left in the house conveyed to defendant and received by him. There was no dispute in regard to the items of the account, but it was contended that it was excessive to the extent of $17.50. The defense was that the transaction was between plaintiff and her husband, R. D. Dobbins, and that she had no part in the agreement for exchange or sale, and had not promised to pay for the articles received therefrom. This question was submitted to the jury, who found against the defendant.

Eleven errors have been assigned on exceptions taken. The first relates to the action of the court in permitting the plaintiff to testify to the values of the articles enumerated in his account, and the second to his action in permitting testimony of a declaration made by defendant to plaintiff's wife, on a casual meeting, to this effect: "Mrs. Thomas, I am ashamed to meet you, because I have not paid for those things." There was no error in admitting the evidence. The third assignment is embraced in a later one relating to the refusal of instructions to the jury. The fourth and fifth assignments relate to the admission of certain evidence. R. M. Dobbins, the husband of defendant, was a witness on her behalf. His testimony tended to show that the transaction was wholly with him, and that he, and not his wife, undertook to pay for the property. He was asked on

cross-examination if his wife was a woman of considerable means at that time, as well as other questions tending to show that she had inherited a considerable estate from her father. It had been shown that the witness himself owned no property at the time of the transaction. Considering this fact, and that the issue, concerning which there was a direct conflict in the evidence, was whether the sale had been made to the wife and upon her credit, the fact that she alone had any property when the sale was made seems to be a pertinent circumstance for the consideration of the jury. The evidence was evidently offered for no other purpose.

There was no error in refusing to permit the witness, Johnson, for the defendant, to show that he sent to R. M. Dobbins a statement of the amount and value of the coal left in the house by plaintiff. The statement corresponded with the item for coal stated in the plaintiff's bill of particulars. The object of the proffer was to show that he had mailed this account to R. M. Dobbins, and not to his wife. There was no error in excluding the testimony, as there was nothing to show that plaintiff directed the statement to be sent to Mr. Dobbins, and not to his wife. Moreover, a letter from the plaintiff to R. M. Dobbins inclosed a similar statement.

The seventh and eighth errors are to the effect that the court erred in permitting the plaintiff to explain a letter that had been written by him to R. M. Dobbins. This letter, about July 28, 1903, began thus: "I inclose a copy of the statement of coal from A. Gary Johnson." Then follows a statement of the number and prices of certain chickens, and the coal and wood, as per Johnson's statement. Then followed: "As these are outside of our deal, please send check." The plaintiff was called upon to explain this letter. The court ruled that it could not be interpreted by the witness, but that he could explain why he had written the letter. He was then permitted to state, over the objection of the defendant, that "that money was to be paid me before they moved into the house. Mr. Dobbins came to me about the time they moved in, and said: 'Mr. Thomas, Mrs. Dobbins has been disappointed in getting some money.

She is going to make a $5,000 loan. The thing is pending and she has not got the money yet. She cannot pay you the money for a few days.' I waited two or three days, when I wrote that letter, as practically to write to his wife. I did not want to dun his wife. I expected she was good as gold and was as good as her word." There was no controversy between the parties at the time, and it was not error to permit him to show the circumstances under which the letter had been written. It was for the jury to determine whether this letter showed that the claim was made against the husband alone, or was addressed to him as the representative of his wife.

The remaining assignments relate to the refusal of instructions asked by defendant. The first of these was to direct a verdict for the defendant. It had been settled on the former appeal that the alleged contract was one that could be made by and enforced against the wife, and there was evidence tending to show that she had made it. The question was therefore properly for the jury to determine

It is unnecessary to consume time with a statement of the several special instructions asked by the defendant. The charge contained a full and fair statement of the law of the case, including everything that could have been properly given on behalf of the defendant, and left the determination of the facts to the jury.

We find no error in the proceedings on the trial, and the judgment will be affirmed, with costs.           *Affirmed.*